# Fretz's Appeal.

4ws433
159   572

A person who has received bonds and other personal property from an intestate during his lifetime, cannot be proceeded against in the Orphans' Court under the Acts of Assembly as a trustee, at the instance of a child of the intestate, to make him account for their value.

Such person is answerable at law to the intestate in his lifetime, and to his administrators after his decease.

THIS was an appeal from the Orphans' Court of *Montgomery* county. The facts of the case are sufficiently stated in the opinion of the court, The case was argued by

*Wright* and *Chapman* for the appellant.
*Dubois, contra,* was not heard.

IV. — 55                    2 M.

[Fretz's Appeal.]

The opinion of the Court was delivered by

Huston, J.—Catharine Swartz died in Montgomery county at some time between 1833 and 1835, but I cannot find the precise time in the paper-book. At her funeral, Isaac Benner, who appears to have been a son-in-law of the deceased, told her son Andrew Swartz, as he swears, that the deceased had given him (Benner) all her papers, bonds, and money, to divide amongst her heirs. After some talk, and on Benner's refusing absolutely to administer, Andrew Swartz administered, and on the 12th. of April 1836 filed an account in which he showed payments of $425.20 to creditors, and a balance of $749.65 for distribution among the children of the deceased. He had received some money and bonds and notes from Benner, and appears to have, at that time, thought Benner had given him all. Afterwards, it seems, he and the other heirs thought Benner had not given all. Instead of his bringing suit against Benner, Jacob Fretz, married to one of the daughters of the deceased, on the 24th of January 1839, presented a petition to the Orphans' Court of Montgomery county, stating that " Catharine Swartz died about four years before that time, leaving considerable estate; that not long before her death, she placed all her estate, amounting to upwards of $1000, into the hands of Isaac Benner, with an order and direction, that after her death he should divide and distribute said estate amongst the heirs of said Catharine; that the said Isaac did receive the said estate as trustee, for the purpose aforesaid, but contrary to the order and direction of the said Catharine, although several years have elapsed since her death, he, the said Isaac, has not made the distribution aforesaid, but wholly refuses, and still retains the said money and applies it to his own use. The petitioner therefore prays the court to direct citation to the said Isaac, commanding him to appear at the next Orphans' Court and file a settlement of the trust aforesaid, or show cause why he should not be proceeded against according to law."

A citation issued and was served, to which he returned answer, " that Catharine Swartz died some time since in Montgomery county, and that her son, Andrew Swartz, took out letters of administration upon her estate in Montgomery county, as he is informed; that your respondent, after the death of said Catharine, put into the hands of said Andrew all the estate and evidences of debt due the estate of said Catharine which were in his hands; that your respondent has no property of any kind in his hands, nor had he at the time the above citation was issued, belonging to the estate of said Catharine, for the use of her heirs: and further, that he has been legally advised, that he is not liable to any citation at the instance of any of the heirs of said Catharine, inasmuch as there is an administrator who is the proper person to collect any debts or receive any moneys due the estate of the said Catharine."

An auditor was, however, appointed, and much testimony taken to prove that Isaac Benner had not delivered all the money and

bonds and notes put into his hands by Catharine Swartz, and the auditor reported due by him of principal and interest, $940. To this report of the auditor Benner filed exceptions, the first of which was, "that the Orphans' Court had no jurisdiction in the case." Five other exceptions to the kind of testimony, to the proceedings and to the merits, were added. To these I shall not refer, because the court decided on the first exception that the Orphans' Court had no jurisdiction; nor shall I refer to the testimony, because, if the cause appears in another shape, the competency of that will be for the court and the credibility for the jury.

The Act of 29th of March 1832, greatly extended the jurisdiction of the Orphans' Court, and the 4th section of that Act taken alone might at first view seem to embrace this case. After minutely specifying the power of that court, it says it shall extend to the appointment of guardians and its control over them, and the removal and discharge of executors or administrators, the powers over their settlements, and the distribution of the estate in their hands, and concludes, " and generally to all cases within their respective counties wherein executors, administrators, guardians or trustees are or may be possessed of or undertake the care and management of or are in any way accountable for any real or personal estate of a decedent, and such jurisdiction shall be exercised in the manner hereinafter provided."

A person may be appointed a trustee for another of full age or for a minor. He may be appointed by deed or by will, or by the courts. We have other Acts of Assembly relating to all these. It would require much time and ink to recite all these; and a careful and correct analysis of them is found in *Wimmer's Appeal*, (1 *Whart.* 96). Besides, the Act in question nowhere thereinafter provides for such a case as this. Its provisions relate solely to persons acting in a fiduciary capacity by virtue of a will or of an appointment by the Register or Orphans' Court having jurisdiction of the estates of deceased persons. The Act of 16th of June 1836 must be taken into view in construing the Act cited. The two together form a system, and though not enacted into laws at the same time, yet were before the gentlemen who revised that part of our code at the same time, and it was intended that the whole should form a system, and that in construing a part, the whole should be considered. The latter Act, under the title of The jurisdiction of the Courts, says, the Supreme Court and the Courts of Common Pleas shall have the jurisdiction and powers of a Court of Chancery so far as relates to the control, removal, and discharge of trustees, and the appointment of trustees, and the settlement of their accounts. And again, in another subdivision, the Supreme Court and Common Pleas of Philadelphia have power, so far as relates to the care of 'trust moneys and property, and other moneys and property made liable to the control of the said courts. Again, in section 19, the jurisdiction of the Orphans' Court shall

[Fretz's Appeal.]

extend to all cases within their respective counties wherein executors, administrators, guardians or trustees may be possessed of or are in any way accountable for any real or personal estate of a decedent.

Now, although, the provisions of the several Acts thus modifying the powers of the courts are expressed with great precision in general, yet in this case it is not at first view so clear what was the intention. It was contended in this case, that whenever a *cestui que trust* died, the trustee must settle his accounts in the Orphans' Court. Such, however, is not the true construction. In the case of the Orphans' Court, the word "trustees" follows executors, administrators, guardians, and includes only trustees appointed by will, or substituted by the Orphans' Court, instead of such who have died or otherwise been removed from the execution of the trust. Now Isaac Benner was not executor or administrator of Mrs Swartz, nor guardian; for her children were, it would seem, all of age. If he had meddled with the goods after her death, he would have been executor *de son tort;* for it is not pretended she made a written or nuncupative will. By law he could only deliver any property in his hands to her administrator. The words "trust" and "trustee" are used vaguely, and often in a sense not proper in legal proceedings. The person who receives property in pawn or for safe-keeping, is so sometimes said to hold it in trust; but disputes arising on such cases are cognizable in a court of law, and are tried there. The Acts above cited relate only to such trusts as were cognizable in a Court of Chancery, where there is such a court.

Now, in the case before us, Isaac Benner, during the lifetime of Mrs Swartz, was answerable to her in a court of law, and since her death is answerable to her legal representative in no other manner. We have, in some cases, witnessed a disposition in some members of the bar to carry, under these Acts of Assembly, to the Chancery jurisdiction, cases which, where there is both a court of law and of Chancery, would at once be dismissed from the latter, and sent to be tried at law; and we believe this to be such a case. The court were right in dismissing the case.

Decree affirmed.