[Delbert's Appeal, No. 1.]

# Delbert's Appeal, No. 2.

1. The Orphans' Court has no jurisdiction to cite to an account one who as the bailee or agent of trustees obtained possession of property of the trust estate, and who after the death of the trustees remained in possession thereof without lawful authority.

2. *It seems* that the proper remedy would be for those entitled to the lawful possession to bring an action at law against the trustee *de son tort*, or by bill in equity, when an account is necessary.

February 12th 1877. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ. WILLIAMS, J., absent.

Appeal from the Orphans' Court of *Philadelphia county*: Of January Term 1875, No. 114.

This was an appeal by Simon Delbert and others, executors and trustees, from the decree of the court refusing a citation to James S. Huber to account.

This proceeding commenced by a petition filed by the same parties as in the preceding case, and, as therein, setting forth the provisions of the will of Frederick Gaul, Sr., deceased. It then averred that the account of the trust estate was kept by Frederick Gaul, Henry Stiles and James S. Huber, and in 1852–1854 a settlement of the trust accounts was made, and all the securities of said trust estates and titles of the real estate were handed over to Henry Stiles, with the consent of all parties in interest; that in 1863 Henry Stiles died in possession of all the securities and real estate, some of which were believed to be invested in his individual name, but held for the trust: that by the will of Henry Stiles, his sons and sons-in-law were appointed executors and trustees, all of whom, by agreement or consent, named James S. Huber to assume and continue the management of the trust, which care and management James S. Huber did assume and still continues to exercise; that a short time before assuming the trust, Huber applied to the Orphans' Court to be appointed trustee; that security was required, which he refused to

give, and he continued to act as trustee *de son tort*; that Edwin M. Lewis, trustee for Mary S. Lewis and Martin Gaul, children of Martin Gaul, deceased, in 1869 applied to petitioners to act jointly with him in procuring an account from the said James S. Huber, compelling the production of the securities of said trusts, and the giving of security by Huber; and that the said Lewis did procure from said Huber a list of said securities, many of which he reported to petitioners were in the individual name of said Huber, but held for the trusts, and did procure the said Huber to deposit said securities, which were in two tin boxes, in the Farmers' and Mechanics' Bank, the key of the boxes, however, remaining in the possession of the said Huber; that the said list of securities showed them to amount to over $170,000; that William Gaul died in April 1868 (whereby Frederick Gaul, Jr., became the surviving trustee of said will of Frederick Gaul, Sr.), and by will dated February 2d 1867, devised his estate to said petitioners, in trust, as therein mentioned, and also appointed them his executors; that the said Huber claimed that the estate of William Gaul was liable to him as acting trustee for a large amount due said trust; that the said Huber had never settled an account of said trusts; that Jacob Gaul died March 9th 1871, intestate and unmarried, and that Catharine Gaul was unmarried, and seventy-six years of age; that the said petitioners represent the interest of the said William Gaul, deceased, in the trust estates of said Jacob and Catharine Gaul, there being no devise over of the fee, in default of children, of these devisees.

The petitioners prayed that said James S. Huber with Frederick Gaul, Jr., be compelled by citation to file their accounts of said trusts; that Lewis be compelled to furnish a list of said securities, and that they enter proper security.

Frederick Gaul, Jr., the surviving trustee, died shortly after the petition was filed.

To this petition the demurrer and answer of J. S. Huber were filed, dumurring for that the petitioners had not shown any title to the relief or discovery prayed for; that they sought relief from respondents on distinct grounds, and that there were no sufficient reasons for joining them in the proceedings; that no ground was shown to give the Orphans' Court jurisdiction of the said J. S. Huber, as he was not shown to be a trustee for any one in whose estate the petitioners had any interest, nor was he alleged to have in his control or possession any property derived directly from any decedent or indirectly through the action of the court; that the relief sought was mainly discovery, for which purpose the Orphans' Court had no jurisdiction; that for such purpose petitioners must proceed in a court of equity; that no right nor equity was shown in petitioners, and that the petition was multifarious in joining

distinct averments, in many of which respondent was not interested.

The answer denied that respondent was a trustee, but admitted the averments that respondent had taken charge of the trust property, and had many of its securities in his custody and control.

The demurrer of Lewis was chiefly on the same grounds. This appeal, however, is not to the decree in his case.

The hearing was had on bill, answer and demurrer, before Allison, P. J., who delivered the following opinion:—

"The petition prays that in the interest of William Gaul's estate a citation may be granted requiring Frederick Gaul and James S. Huber, who married a granddaughter of Frederick Gaul, Sr., to account, alleging that they have property to a large amount in their hands belonging to the estate; and that Edwin M. Lewis, intermarried into the family of the testator, be also cited, to show what securities of the estate are under his control.

"Upon this petition we hold that the Orphans' Court have not the power to order the discovery which is sought at the hands of Edwin M. Lewis: Shollenberger's Appeal, 9 Harris 337; Snyder's Appeal, 12 Casey 166. The jurisdiction of the Orphans' Court is wholly statutory, and no such power is conferred upon the court: Brinker *v.* Brinker, 7 Barr 55; Williard's Appeal, 15 P. F. Smith 265.

"As to Huber, it appears that though appointed trustee by the court before the death of Frederick or William Gaul, who had misbehaved in the administration of the trust, he never took upon himself the duties of a trustee, but refused to qualify or to give the security ordered by the court. He was agent of the trustees, and as such could not have been cited by parties in interest to account; nor do his relations to the estate appear to have changed after the death of the trustees, Frederick and William; nor after the death of Henry Stiles, his father-in-law, who was himself a son-in-law of Frederick Gaul, Sr., and who appears to have been associated in the management of the trust—first with Frederick Gaul, to the exclusion of William, the co-trustee of Frederick, under the will of their father, and after Frederick's death to have had the sole management of the trust estate. He does not, however, appear to have been a duly constituted trustee at any time. If the principle be relied on that trusts are to be enforced against all persons who come into possession of trust property, with notice of the trust, the statutory right of the Orphans' Court must also be shown before it can take jurisdiction of the person against whom a citation may be asked. It is true, the Act of March 29th 1832 does give to the Orphans' Court jurisdiction where executors, administrators, guardians or trustees may be possessed of, or are in any manner accountable for, any real or personal estate of a decedent; but this does not make subject to the jurisdiction of that court one who seems

to have acted solely in the capacity of *agent* for a trustee, executor, &c. Mr. Huber does not seem to have stood at any time in any other relation to the trust property than as agent for the trust estate, or as custodian or care-taker of the property belonging to the trust. His appointment by the court after the death of Henry Stiles, and his refusal of that appointment upon the conditions imposed by the court, seem to settle this question against the prayer of the petitioners. He cannot, we think, be regarded as a trustee under the Act of March 29th 1832. Nor does he appear to have acted in such a manner that he can be considered even as a trustee *de son tort.* We refuse, therefore, the citation prayed for as to Huber.''

The decree of the court was: " The citations prayed for against James S. Huber and Edwin M. Lewis are refused (and the prayer of petition as to them is dismissed), without prejudice to the right of petitioners to apply to the Court of Common Pleas of Philadelphia county, or other court having jurisdiction, for such equitable relief against James S. Huber as they may deem themselves entitled to.''

From this decree this appeal was taken.

*Charles S. Pancoast, G. W. Biddle* and *W. W. Juvenal,* for appellants.—The Orphans' Court had jurisdiction, and Huber was accountable thereto as a trustee: Act of March 22d 1832, Pamph. L. 190 ; Act of June 16th 1836 ; Brightly's Purd. Dig. 1104, pl. 8 ; Wimmer's Appeal, 1 Whart. 103 ; Lewis *v.* Lewis, 1 Harris 82 ; Rackham *v.* Siddall, 1 Macn. & G. 607 ; Life Asso. *v.* Siddal, 3 DeG., F. & J. 58. A person may become a trustee by construction by intermeddling with and assuming the management of property without authority: Perry on Trusts, sects. 245, 265, 846 ; Lewin on Trusts, 6th ed., ch. 12, sect. 3, p. 215.

The trust under the will is one which is within the exclusive jurisdiction of the Orphans' Court, for it was given the executors *ex virtute officii* and not *nominatim.* Had Mr. Huber acquired this property as heir or executor of the last surviving trustee, there could, it is submitted, be no question of the jurisdiction of the court to compel him to account. That he has acquired it by direct transfer in the lifetime, instead of by transfer by will at the death, or by descent, cannot change his liability to account therefor to the court having jurisdiction over the subject-matter. There cannot be a distribution of this estate except by the Orphans' Court, which has exclusive jurisdiction to make distribution, and the power to make distribution involves the power to decide all questions necessarily connected therewith, and in the very first instance to compel the filing of the account, which will bring the estate before the court for distribution: Dundas's Estate, 23 P. F. Smith 474 ; Mussleman's Appeal, 15 Id. 480.

*R. L. Ashhurst* and *Chapman Biddle,* for appellees.—That Hu-

ber, as bailee or depositary, is accountable, he has never denied, but the question is to whom he is accountable and in what forum.   As the agent or bailee of the executors of Frederick Gaul, Sr., clearly he was accountable in their lifetime only to them; and upon the death of William, to Frederick, who survived.   On what principle in Frederick's lifetime could he be accountable to William's executors?  After the death of Frederick Gaul, Jr., Huber was accountable only to his heir-at-law, who succeeded to his rights and duties as executor:  P. & R. Railroad Co. *v.* Lehigh Coal & Nav. Co., 12 Casey 204.   Even as beneficiaries, in which behalf the claim is here made, resort must be had to the executor or trustee, and not to the mere custodian of the securities.   As the agent employed by the trustee, Huber is only responsible to the trustee, his superior :  Lockwood *v.* Abdy, 14 Sim. 441; Maw *v.* Pearson, 28 Beav. 199.

Huber was not a trustee and could not be compelled to account in the Orphans' Court, as that court has no jurisdiction except what is conferred upon it by statute:  Snyder's Appeal, 12 Casey 166 ; Williard's Appeal, 15 P. F. Smith 265.

Mr. Justice PAXSON delivered the opinion of the court, May 7th 1877.

This was a proceeding to compel James S. Huber to settle an account as trustee in the Orphans' Court.   The case was heard below upon petition and answer.   The application for a citation was resisted by Mr. Huber upon the ground that nothing had been shown "to give the Orphans' Court jurisdiction of the said James S. Huber, as he was not shown to be a trustee for any one in whose estate the petitioners had any interest, nor was he alleged to have in his control or possession any property derived directly from any decedent, or indirectly through the action of the court."   While it was not alleged by the petitioners that Mr. Huber was technically a trustee, it was nevertheless contended that he was a *de facto* trustee ; that after the death of Mr. Stiles, with the assent of the parties in interest, or at least a portion of them, he did assume and continue the management of the trust ; that a short time before assuming it he applied to the Orphans' Court to be appointed trustee ; that he was so appointed by the said court, but refused to give the security required, and continued to act as trustee *de son tort.*   It was urged on behalf of the petitioners that as trustee *de son tort* he was liable to account in the Orphans' Court.   It is manifest that if he cannot be required to account in that capacity he cannot be held liable at all in said court.   It matters not whether we regard him as the agent of the former trustees, or as the bailee or agent of the *cestuis que trustent,* he is not a trustee within the meaning of our statutes defining the jurisdiction of the Orphans' Court.   The eighth paragraph of the 19th section of the Act of 16th of June 1836, Pamph. L. 792, provides that the jurisdiction of the Orphans'

Court shall embrace "all cases within their respective counties, wherein executors, administrators, guardians or trustees may be possessed of, or are in any way accountable for, any real or personal estate of a decedent." At first view this language might seem broad enough to cover this case. But the word "trustee," following as it does the words "executors, administrators and guardians," was evidently not used in its broad sense, but relates solely to persons acting in a fiduciary capacity by virtue of a will, or of an appointment by the register or Orphans' Court having jurisdiction of the estates of deceased persons. This was the view taken of it in Fretz's Appeal, 4 W. & S. 433. The words "trust" and "trustee," as was said by Mr. Justice HUSTON in that case, are often used vaguely, and in a sense not proper in legal proceedings. The books are full of cases in which parties have been held to be trustees for certain purposes, and in relation to certain property, yet as to whom the statutory jurisdiction of the Orphans' Court could not attach. Thus in Fretz's Appeal, *supra*, a person who had received from the testatrix all her papers, bonds and money, to divide among her heirs after her death, was held not liable to account therefor in the Orphans' Court. The remedy was by an action at law in the name of the administrator. In that case there was a clear trust. But it was not created by will, nor did the trustee derive any authority from the register or the Orphans' Court.

The mere possession of the property of a decedent, even under circumstances from which a trust will be implied, does not of itself give the Orphans' Court jurisdiction over the person holding such property. The executor or administrator may recover the latter by appropriate legal proceedings, after which *he* may be called upon to settle an account therefor in the Orphans' Court. It is said, however, that Mr. Huber may be held to account as a trustee *de son tort*. No authority was furnished for this position, nor have I been able to find any. On the contrary, it was said by Chief Justice TILGHMAN in Peebles's Appeal, 15 S. & R. 39, that an executor *de son tort* cannot be cited to account before the register. While this remark is open to the criticism of being *dictum*, the absence of any attempt in this state to compel an executor *de son tort* to account in the Orphans' Court is a persuasive argument that he is not so liable. There *may* be such a case, but I have not found it, nor has it been called to our attention. In the fifth chapter of Williams on Executors (vol. 1), the learned author defines exhaustively the liabilities of an executor *de son tort*. No mention is there made of any liability to account in this way. The remedy against such an executor is an action at law in the name of the lawful executor or administrator, or by bill in equity when an account is necessary. An executor *de son tort* owes no duty to the Orphans' Court and is not liable to its jurisdiction. Were the rule otherwise it might lead to serious confusion. It would be an anomaly in Orphans'

. [Delbert's Appeal, **No. 2.**]

Court proceedings to have accounts from one or more executors *de son tort* pending at the same time with the account of the lawful executor.   There can be but one accounting in the same estate, though there may be several accounts by the executor or his ·successors in the trust.   What has been said in regard to an executor *de son tort* applies with equal force to a trustee *de son tort.*

It may be that Mr. Huber would have been liable to account in the Orphans' Court had he acted under the appointment of that court.   In such case he could not have set up his failure to enter security as a reason why he should not account to the extent of his dealings with the estate under his appointment.   But in his answer he flatly denies having so acted.   The court below says he "never took upon himself the duties of trustee, but refused to qualify," &c. As before observed, this case was heard upon petition and answer. There was no finding of the fact that Mr. Huber ever did any act under and in pursuance of his appointment as trustee by the court below.   We think, therefore, that the citation was properly refused.

The decree is affirmed, and the appeal dismissed at the costs of the appellants.