90 | 203
191 | 575

## Hartman's Appeal.

1. What contingent interest will entitle the owner thereof to require a trustee to account and to file exceptions thereto.

2. While the Act of April 17th 1869, entitled, "An Act for the protection of contingent interests," in its letter authorizes the owner of a contingent interest to require an executor or administrator to make and exhibit an account of his trust, yet its manifest intent is to protect a contingent interest and to give the owner thereof a right to call the trustee to account, and where, therefore, a trust fund is in the hands of a trustee appointed by the court, in the stead of an executor, the whole object and spirit of the act demands that it should be applied to such a custodian of the fund.

May 7th 1879.　Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, WOODWARD, TRUNKEY and STERRETT, JJ.

Appeal from the Orphans' Court of *York county :* Of May Term 1879, No. 140.

Appeal of Granville Hartman from the decree of the Orphans' Court of York county, making absolute the rule granted at the instance of Adam J. Glossbrenner, to show cause why the exceptions to his account as trustee of the fund bequeathed by John Hartman, deceased, for the use of J. Hamilton Hartman and others, should not be stricken off.

The material facts are stated in the opinion of this court. In the court below, Wickes, J., in an opinion, said:

"The ground upon which we are asked to strike off these exceptions, is that the exceptor, Granville Hartman, and those whom he represents, have no such *interest* in this fund as entitles them to file exceptions to the trustee's account. The clause in the will of John Hartman, under which these exceptants claim they have such an interest as brings them within the provisions of the 'Act approved the 14th of April 1835,' 1 Purd. Dig. 445, pl. 195, provides for the payment of interest upon the fund bequeathed to J. Hamilton Hartman during his life, in whole or in part as specified, 'and if he leaves no children or their legal representatives, then over unto his brothers and sisters and their legal representatives,' &c.

"The persons excepting to this account are the brothers and sisters named in the will.

"In Keene's Appeal, 10 P. F. Smith 504, the question was, whether a bare possibility, dependent upon the death of the first taker without issue, was such an interest as authorized a citation to an executor to account under the Act of March 29th 1832. It was held not, because the interest contemplated in the act must be such as will certainly fall into possession at some time. If that is the test, it is impossible to distinguish the two cases in principle, and

upon the authority of that case we shall be compelled to strike off these exceptions.

"The Act approved the 17th of April 1869, Pamph. L. 70, has been cited in support of the right of these exceptants to be heard. But we know of no principle of construction which would justify us in saying that an act which specifies 'executor or administrator,' was intended also to apply to trustees appointed by the Orphans' Court.

"We do not, of course, mean to decide aught concerning the merits of the question raised by the exceptions; we simply strike them off for the reasons assigned.

"And now, to wit, March 3d 1879, rule to show cause why the exceptions to the account of Adam J. Glossbrenner, trustee of J. Hamilton Hartman, should not be stricken off, is made absolute."

From this decree this appeal was taken.

*W. F. Bay Stewart, W. C. Chapman* and *John Blackford,* for appellant.—This case is clearly distinguishable from Keene's Appeal, 10 P. F. Smith 504.

It is manifest at a glance, that Hamilton Hartman has not now never had, and never can have any vested estate in the funds of the trust. His is a bare right to call upon the trustee to pay for his maintenance and support, $150 annually. Should he marry, it is within the discretion of the trustee to expend the whole of the income of the trust for the support of Hamilton and his family. The idea of a vested estate for life in Hamilton, or even in the trustee for his use, is precluded by the express terms of the will. He is powerless to bring this trustee to account if he wished to do so. Being barren of a vested interest he would be excluded from the courts. It cannot be said that the trust funds are held for Hamilton's issue. There is no such class in existence. There can be no vested estate in persons not *in esse,* and it is obvious that no proceedings from that source can be interposed to urge this trustee to do his duty. The only persons who could take these funds, were Hamilton to die, are the exceptants in the court below. If the trustee holds the estate for any person, manifestly it must be for them.

The interest of these exceptants is valid: Hopkins *v.* Jones, 2. Barr 69; Kelso *v.* Dickey, 7 W. & S. 279; Diehl *v.* King, Adm'r, 6 S. & R. 29; Etter's Estate, 11 Harris 381; Chess's Appeal, 6 W. N. C. 250.

John Hartman never intended that his estate, now in controversy should pass to a trustee, and be put beyond the control, for protective purposes of his beneficiaries, and beyond the reach of any controlling power, to which the trustee would be accountable. We submit in addition, that if the interest of the appellant in the funds in question is so remote and contingent as to bar the courts against his application for redress, then that difficulty is

[Hartman's Appeal.]

remedied by the Act of 17th April 1869, Pamph. L. 1869, p. 70. This act is entitled, "An act for the protection of contingent interests." The court below was of opinion that the trustee in this case could not be reached under the provisions of that act for the reason that executors and administrators only are mentioned in it. The intent of the legislature was to afford protection to contingent interests.

*Horace Keesey* and *V. K. Keesey*, for appellees.—The exceptants have no such interest as entitled them to call this trustee to account: Keene's Appeal, *supra;* Martin's Appeal, 11 Harris 439. The Act of 1869 does not apply to this case. That act was passed for the special purpose of providing for the Keene estate.

Mr. Justice MERCUR delivered the opinion of the court, May 26th 1879.

This contention is whether the appellant has a right to be heard in regard to the management of a portion of the residuary estate devised by John Hartman. That portion is devised in these words: "One-seventh part of said residue I give unto my executors in trust, to be invested by them to the best advantage, and they to expend out of the interest and income thereof annually, an amount not exceeding $150 for the comfort and maintenance of my son Hamilton, as long as he shall remain unmarried; and if he should marry, to expend thereafter, if the said trustees shall deem it necessary for the maintenance and comfort of him and his family, all the interest and income of the aggregate of this part, for and during his life; but in no event to give any money to him, nor pay any in any manner for him so that he may get control of it or dispose of anything procured for him or his family by it, nor so that it may be taken or used for the payment of any debts contracted by him. At the death of said son Hamilton, the principal of this share, with any interest remaining, shall be paid unto his said children, if any, or their legal representatives, and if he leaves no children or legal representatives, then over unto his brothers and sisters and their legal representatives." The testator died in 1853. Hamilton is fifty-four years of age and has never married. The appellant is one of his brothers. The executors named in the will acted as trustees of this fund until 1859, when they filed their account of the trust, and were by the court discharged therefrom. In January 1860, the appellee was appointed trustee in their place, and the fund passed into his hands. In 1878, he filed his account, in which he states the sum on hand to be about $17,000. The appellant, claiming the fund should be much larger, filed exceptions thereto. The court struck them off, holding he had no such interest in the fund as entitled him to be heard. All the errors assigned are substantially to this action of the court.

The learned judge thought the case was controlled by Keene's Appeal, 10 P. F. Smith 504. The facts of that case distinguish it from the present case. There the entire interest in the residuary estate was given to the testator's niece, Ellen, during her life, the principal to her children, lawful issue absolutely; but if she died unmarried, with power to devise the interest thereon to whichever of her brothers she might consider most worthy; and the principal to the children of her two brothers, lawful issue absolutely. To the first taker there during her life, the interest was given absolutely, and also a contingent and qualified right to dispose of the interest by will. In the present case there is no absolute gift to Hamilton of any part of the interest; but it rests in the discretion of the trustees, and they are prohibited from paying him more than a small fraction of the interest. There Ellen was directly interested in watching the trust fund and the accumulations thereof, for she was entitled to the whole interest during life. Here the highest annual sum that Hamilton can receive is so small that he has no incentive to look after the fund. Beyond him no person in being is interested in examining the account of the trustee, except the appellant, and others sustaining the same relation to the fund. He now stands but one step from its enjoyment. He will reap its fruit unless deprived thereof by two contingencies. The one the marriage of Hamilton, each year becoming less probable; the other, his having issue. It is not our purpose to question the correctness of the rule declared in Keene's Appeal under its facts and the statutes then in force. The insufficiency of the statute then existing, to enable the owner of a contingent interest to take action which he deemed necessary for the protection of that interest, led to the enactment of the Act of 17th April 1869, Purd. Dig. 452. The object of it as expressed in the title is, "An Act for the protection of contingent interests." It is true the letter of the act authorizes the owner of a contingent interest to require an executor or administrator to make and exhibit an account of his trust, yet the manifest intent is to protect a contingent interest, and give the owner thereof a right to call the trustee to an account. As the act expressly authorizes the owner of such an interest to require an executor or administrator to settle his account, the whole object and spirit of the statute requires us to apply it to the custodian of this fund. The appellee holds the same fund that the testator gave to the executors charged with the trust. The fund and the trust were transferred from them to the appellees. They should be held liable to investigation by the same person who could have investigated the accounts of the executors. To deny the right of the appellant is practically to declare that no person, who feels any interest in a judicious administration of the trust, can be heard. This is a conclusion to which we ought not to arrive unless compelled by the statute. Fortunately, the Act of 1869 removes all such constraint. Without deciding whether or

[Hartman's Appeal.]

not, the appellant has a vested interest (which is not clear), we still think he has such an interest as entitles him to require the appellee to exhibit his account, and to file exceptions thereto. The learned judge, therefore, erred in dismissing the exceptions in consequence of insufficiency of interest in the appellant. The merits of the facts alleged in the exceptions are not now before us, and we indicate no opinion thereon.

> Decree reversed; rule to show cause why exceptions should not be stricken off, discharged; exceptions restored, and a *procedendo* awarded. It is further ordered, that the costs of this appeal be paid by the appellee.