# Schnepf's Estate.

*Orphans' court—Jurisdiction—Determination of title to personal property.*

The orphans' court has no jurisdiction to entertain a bill filed by the administrator of a decedent to determine the ownership of stock of a building and loan association, where it appears that the decedent long before his death had assigned stock to another person, and delivered the certificate to the assignee, and that the latter had the stock transferred to his own name. In such a case the decedent cannot be said to have died possessed of the property within the meaning of the Act of June 16, 1836, P. L. 784.

Argued Oct. 19, 1911. Appeal, No. 133, Oct. T., 1911, by Charles M. Raspa, administrator of the estate of Mathias Schnepf, from decree of O. C. Phila. Co., Oct. T., 1910, No. 486, dismissing petition for citation in Estate of Mathias Schnepf. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Petition for citation for an injunction and an account.

The opinion of the Superior Court states the case.

The orphans' court in an opinion by DALLETT, P. J., dismissed the petition for want of jurisdiction.

*Error assigned* was decree dismissing the petition.

*E. Spencer Miller,* for appellant.—The orphans' court had jurisdiction: Sherman v. Herr, 220 Pa. 420; Fitz-

simmons v. Lindsay, 205 Pa. 79; Northern Cent. Ry. Co. v. Walworth, 193 Pa. 207; Goodwin Gas Stove & Meter Co.'s App., 117 Pa. 514; Odd Fellows Savings Bank's App., 123 Pa. 356.

*H. M. McCaughey*, with him *John F. Powell*, for appellee, cited: Odd Fellows Savings Bank's App., 123 Pa. 356.

OPINION BY HEAD, J., March 1, 1912:

Prior to August 3, 1906, Mathias Schnepf was the undisputed owner of five shares of the seventh series of stock of the German-American Building & Loan Association, No. 2, of Philadelphia. On that day, by an assignment in due form, he transferred his title to said shares to Frank Mark, the present appellee, and then and there delivered to him the stock certificate No. 123 which evidenced his ownership. The assignment was regularly presented to the association, approved by its board of directors, and a new certificate issued to Mark. Thereafter the latter paid all sums necessary to keep the stock in good standing and was to all appearances its sole and exclusive owner. His right was in no way challenged by Schnepf during the four years he lived following the transfer. After his death intestate in July, 1910, letters of administration on his estate issued to Raspa, the present appellant. He filed a bill in the orphans' court alleging that said transfer was not intended to absolutely vest the title to the shares in Mark, but that the latter took the stock to indemnify him against any loss by reason of the payment by him of certain moneys for Schnepf; and that there remained, in the estate of the latter, the equitable ownership of the said shares subject only to the repayment of such sums as Mark could show he had advanced for the use of the decedent. The bill prayed for an injunctive order to restrain Mark from making any sale or disposition of the stock; for a decree compelling him to exhibit an account of the moneys alleged to have been advanced by him, and

finally that he be compelled to pay over to the estate the full value of the said shares less any such payments. An answer was filed denying the allegations of the bill, declaring that the transfer was an absolute one and that the respondent was the owner of the stock in question. The orphans' court dismissed the bill for want of jurisdiction and this appeal by the administrator followed.

Every one concedes that the orphans' court, being a statutory court, must find a warrant for any jurisdiction it can rightfully exercise, in the language of the statutes which created it and defined its powers. It was pointed out in Cutler's Estate, 225 Pa. 167, that the eighth paragraph of sec. 19 of the Act of June 16, 1836, P. L. 784, was the source from which the court must derive such power as is here invoked if it can be rightfully said to possess it. In that case Mr. Justice STEWART carefully considered the nature of the jurisdiction conferred upon the court by the portion of the statute referred to. He says: "Except as the authority exercised by the court below in the present case can be derived from the Act of June 16, 1836, P. L. 784, it is safe to conclude that it nowhere exists." The section of the statute referred to provided that the jurisdiction of the several orphans' courts shall extend to "All cases within their respective counties wherein executors, administrators, guardians or trustees may be possessed of, or are in any way accountable for, any real or personal estate of a decedent." It will be at once observed that the statute thus makes no distinction between real and personal property if the conditions exist that properly invoke the exercise of the power conferred. In a proper case therefore the jurisdiction is as complete to enable the court to deal with real estate as with personal property.

Now it is clear enough, under the facts already stated, that in no just sense could the decedent be said to have died seized or possessed of the property in question. He had disposed of it years before he died, and the transaction was in all respects as completely closed as if he had made a conveyance, absolute on its face, for a tract of land and

put the purchaser in possession of it; or as if he had sold and delivered a horse or other chattel. The administrator did not come into possession of the property in question by virtue of his office and never had any possession of it at all. If, therefore, the orphans' court is invested with jurisdiction to bring the present appellee before it and provide machinery to try the title to the personal property which has long been in his undisputed possession, there would exist no reason why it could not as well assert jurisdiction to try his title to a piece of real estate which the decedent had conveyed in his lifetime with due observance of every form required by law to pass the title to another.

These considerations appear to us to so plainly lead to the conclusion that the court below was correct in holding that it had no jurisdiction to grant the relief prayed for that a lengthy examination of the numerous cases on the subject is neither justified nor required. In the case already cited Mr. Justice STEWART further declared: "Stated conversely, the jurisdiction of the orphans' court is limited to the estate of which the testator died seized. With respect to such estate it has full jurisdiction; but this marks its ultimate limit. Whether a specific article of property belongs to the estate, is a question in limine; if it does not, the executor is not accountable therefor, and it is beyond the power of the court to control it in any way or charge liability on anyone in connection therewith." In Delbert's Appeal, No. 2, 83 Pa. 468, Mr. Justice PAXSON, after quoting the language of the statute already herein quoted, says: "At first view this language might seem broad enough to cover this case. But the word 'trustee,' following as it does the words 'executors, administrators and guardians,' was evidently not used in its broad sense, but relates solely to persons acting in a fiduciary capacity by virtue of a will, or of an appointment by the register or orphans' court having jurisdiction of the estates of deceased persons. . . . The books are full of cases in which parties have been held to be trustees for certain purposes, and in relation to certain property,

yet as to whom the statutory jurisdiction of the orphans' court could not attach. Thus in Fretz's Appeal, 4 W. & S. 433, a person who had received from the testatrix all her papers, bonds and money, to divide among her heirs after her death, was held not liable to account therefor in the orphans' court. The remedy was by an action at law in the name of the administrator." In the appeal of the Harrisburg National Bank, 84 Pa. 380, Mr. Justice SHARS- WOOD, considering the nature and extent of the jurisdic- tion of the orphans' court, used the following language: "It may be very clear that under the laws of Pennsyl- vania this fund belongs to the administrator. If so, it is simply a debt due to the estate. But what act of assem- bly has given the orphans' court jurisdiction to determine that question, and order the debtor to pay the adminis- trator or to pay into court—an order, of course, to be enforced by attachment or execution? . . . . Even if the claimant of the fund had been a resident of Dauphin county, he could not have been made a party to this pro- ceeding and his claim disposed of in this summary way. He would have had a right to a common-law action and to a trial by jury."

In Hermann's Estate, 226 Pa. 543, and Spencer's Estate, 227 Pa. 469, the question of jurisdiction is further discussed, and all of these cases, as we view them, are in harmony in pointing to the soundness of the conclusion that in the case before us the essential elements necessary to properly ground the jurisdiction are lacking. Nor is there any warrant to be found in the Odd Fellows Bank's Appeal, 123 Pa. 356, for a different conclusion on the facts here existing. It is very clearly pointed out in that case that if jurisdiction did not exist under the act of 1836, from which we have quoted, it was not given by the Act of May 19, 1874, P. L. 206. "This act," says Mr. Justice PAXSON, "was but declaratory of the law as it stood prior to its passage, and if this were not so, the act in express terms gives the orphans' court chancery powers, so far as an injunction is concerned, in regard to property over

which it has jurisdiction." The reason why the jurisdiction was sustained in that case is clearly stated in the following sentence: "The court had jurisdiction over this property for the reason that it belonged to the estate of James Marshall." That was not a contested fact, and that fact appearing, the jurisdiction of the court to fully deal with what was admittedly the property of the decedent could not be successfully questioned.

Here the respondent stood in no fiduciary relation—within the meaning of the statute—to the estate of the decedent. He is a stranger to it. The decedent did not die seized or possessed of the property in question. It was no part of his estate. It never was in the possession or control of the administrator. If there exists sufficient reason to assert an adverse claim to its title, the soundness of that claim must be adjudicated by the proper tribunal before this property can be fairly brought within the jurisdiction of the orphans' court. We are all of opinion therefore that the conclusion reached by the learned court below was correct.

Decree affirmed.