# Raspa, Appellant, v. Mark.

*Evidence—Assignment of stock—Nonsuit.*

In an action of assumpsit by an administrator to recover the value of building association stock which had been assigned by plaintiff's decedent four years before his death, a nonsuit is properly entered where the plaintiff offers no evidence to contradict the absolute assignment, and to show that the assignment of the stock was as a pledge only, and relies simply upon an answer filed by the defendant in a proceeding in the orphans' court, which answer constituted a flat denial of the plaintiff's right and an assertion of a complete title in the defendant.

Argued Dec. 16, 1913. Appeal, No. 192, Oct. T., 1913, by plaintiff, from order of C. P. No. 2, Phila. Co., March T., 1912, No. 1,500, refusing to take off nonsuit in case of Charles M. Raspa, Administrator of the Estate of Mathias Schnepf, deceased, v. Frank Mark. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit to recover the value of building association stock. Before HEYDT, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was refusal to take off nonsuit.

*E. Spencer Miller*, for appellant.

*John F. Powell*, with him *H. M. McCaughey*, for appellee.

OPINION BY HEAD, J., July 15, 1914:

The few material facts out of which this litigation arises were fully stated on a former appeal: Schnepf's Est., 48 Pa. Super. Ct. 580. In that case the present plaintiff filed a bill in the orphans' court alleging that his de-

cedent was, at the time of his death, the owner of certain shares of stock in a building and loan association. That before his death he had assigned these shares to the present defendant but that said assignment, although absolute on its face, was intended merely to pledge the stock collaterally to secure to the defendant the repayment of certain moneys advanced or thereafter to be advanced by him to the plaintiff's decedent. He sought for a decree in the nature of an injunction restraining the defendant from selling or transferring the said stock and other relief. The present defendant then filed an answer denying that plaintiff's decedent had any interest in or ownership whatever of the said stock. He averred the original assignment, a copy of which accompanied the answer, was intended to be just what it purported to be, an absolute transfer of the title to said stock. That said assignment had been followed by a transfer of the stock on the books of the company to the present defendant, who had thereafter paid all premiums and charges incident thereto. That these events had occurred some four years prior to the decedent's death, but during said period he had never questioned the title of the respondent to the stock. At the hearing on bill and answer, the orphans' court was of opinion that it was without jurisdiction in the premises, and accordingly dismissed the bill and that decree was afterwards affirmed by this court: Schnepf's Est., supra.

In the present action of assumpsit the plaintiff renews the claim in another form and here seeks to recover from the defendant the market value of said stock, less certain credits. His statement of claim reasserts the same proposition on which his bill in the orphans' court was based. At the trial he offered no evidence at all in support of such claim except the answer of the respondent which had been filed in the orphans' court proceeding. The learned common pleas put the same construction upon this answer as had the

orphans' court previously and held that in essence and substance it was a flat denial of the plaintiff's right and an assertion of complete title in the present. defendant. It therefore furnished no warrant for a recovery under the statement filed, and the plaintiff was nonsuited. From the refusal of the court to lift that nonsuit we have this appeal.

We agree again with the learned court below in the conclusion that the plaintiff has failed to establish the material allegation of fact upon which both of his proceedings rested. Indeed, if we apprehend the position of the learned counsel for the appellant in the argument of the present appeal, he does not seem to contend there is anything in the only evidence he offered to sustain the allegation of fact in his statement of claim. The question now involved, as he views it in his printed brief, is this: "Whether a donatio mortis causa is valid in the absence of evidence of expectation of imminent death." His entire argument is devoted to the proposition that under the circumstances surrounding the assignment of this stock the present defendant could not. successfully assert there was a good donatio mortis causa. We may grant the soundness of the proposition as an abstract one, but we are unable to perceive its relevancy to the issue framed by the pleadings in the present case. Certainly the defendant has never asserted, so far as we can see, that his title to the stock rested on any such alleged gift. Convinced as we are that on the present trial the plaintiff entirely failed to make good the cause of action set up in his statement of claim,. we must conclude that the learned court below was right in entering the compulsory nonsuit and thereafter refusing to disturb it. The assignment of error is overruled.

The order refusing to take off the compulsory nonsuit is affirmed. The costs of this appeal to be paid by the appellant.