## In re: Estate of Norman E. Berkey, Deceased.

Submitted April 28, 1931.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM, BALDRIGE and DREW, JJ.

*John A. Berkey,* for appellant.

*Charles F. Uhl,* and with him *Charles H. Ealy* of *Uhl & Ealy,* for appellee.

Per Curiam, July 8, 1931:

We affirm the decree for the reasons set forth in the opinion of Judge Boose from which we quote:

"This estate comes before the court on exceptions to the administrator's first and final account; and upon a petition for, and answer to, a citation awarded against one Ella Baer to show cause why she should not pay into court the balance of an alleged trust fund in her hands, created by the decedent, and that distribution be stayed until this matter is determined."

The learned judge comments on Cutler Estate, 225 Pa. 167; Williams Estate, 236 Pa. 259; Schadts Estate, 282 Pa. 523; Estate of Agnes Blaszcak, 90 Pa. Superior Ct. 589. In support of the principle that the Orphans' Court is a court of limited jurisdiction, exercising only such power as is given it by statute, expressly or by necessary implication and having jurisdiction. "(1) Where personal property has at one time actually been in and formed part of the estate of the decedent, and has been parted with by a representative thereof, (2) or where the property claimed is actually in a decedent's estate to decide the question of ownership, and to compel a surrender of it to the estate by one whose title is colorable only."

In conclusion the court states "(1) that the alleged trust funds in the hands of the respondent had never actually been in and formed a part of the estate of the decedent, and had not been parted with by a representative thereof; and (2) that said trust fund is not already in said decedent's estate. The subject of the

alleged trust is the proceeds received from an insurance policy upon the life of the decedent. This fund never was an asset of his estate; it did not come into existence until after his death; and his general creditors have no claim against the same; Schaefer's Estate, 194 Pa. 421. It is possible that where one is made beneficiary of a policy of insurance under an agreement that he shall hold the proceeds for another, a valid trust arises in favor of the third person or persons for whose benefit it is made; but such beneficiary, his agent or bailee, is not such a "trustee," within the meaning of the above-quoted act, as to render him or her amenable to the jurisdiction of the orphans' court. Such trust was not created by will, nor did the trustee derive any authority from the Register or Orphans' Court: Delbert's Appeal No. 2, 83 Pa. 468; Schnepf's Estate, 48 Pa. Superior Ct. 580. We conclude, therefore, that the Court has no jurisdiction of the subject matter as alleged in the petition for the citation."

The decree is affirmed. The appellant to pay the costs.