# Freihofer's Estate

*E. Waring Wilson* and *Harry J. Alker, Jr.*, for petitioners.

*Stanley Folz*, of *Sundheim, Folz & Sundheim*, for respondent banking corporation.

*Charles C. Townsend*, of *Townsend, Elliott & Munson*, for respondent trust company.

STEARNE, J., March 20, 1936.—The executors and trustees under the will of a decedent filed a petition and subsequently an amended petition, upon which citations were issued, directed against a trust company and a banking corporation to show cause why a sale of securities, pledged to secure testator's note, should not be set aside. The petitioners aver that at testator's death in 1932 the trust company held testator's collateral note with which was pledged, as collateral, stock belonging to testator; that the trust company demanded payment of the loan and notified petitioners that unless payment was made the collateral would be sold; that, notwithstanding notice not to sell either at public or private sale, the trust company did sell such stock to the banking corporation at private sale and at an inadequate price, to the prejudice of the estate.

Both the trust company and the banking company have filed preliminary objections to the petitions, the substance of which is that the orphans' court has no jurisdiction in the premises.

After careful consideration we have concluded that the orphans' court has no jurisdiction to grant the relief prayed for.

It is a familiar doctrine that the orphans' court is a court of limited jurisdiction exercising only such powers as are given it by statute, expressly or by necessary implication: Cutler's Estate, 225 Pa. 167. Within the sphere of its jurisdiction it is a court of equity: Lonergan's Estate, 303 Pa. 142; and applies the rules and principles of equity: Douglas' Estate, 303 Pa. 227; Lamparter's Estate, 15 D. & C. 369.

Such jurisdiction as this court possesses may be found in section 9 (b) and (d) of the Orphans' Court Act of June 7, 1917, P. L. 363, which superseded the Act of June 16, 1836, P. L. 784, and its supplements. These clauses bestow jurisdiction in the control, removal and discharge of trustees and executors, and the settlement of their accounts.

An excellent resumé of the jurisdiction of the orphans' court may be found in Williams' Estate, 236 Pa. 259, in an opinion by Mr. Justice von Moschzisker. It will suffice to say that this court has jurisdiction where the assets are admittedly the property of the estate. In such event the court has the unchallenged authority to compel a surrender thereof, even when such property is found in the possession of strangers. Where, however, a substantial dispute arises, this court possesses no jurisdiction to determine title, but is required to grant an issue to the common pleas: Cutler's Estate, supra; Byer's Estate, 10 D. & C. 721.

The reason for such rule is apparent when it is considered that unless the orphans' court is acting within its own sphere, as specifically defined by statute, a claimant or other person not interested in the settlement of the estate itself may be deprived of his constitutional right to a trial by jury: Article 1, sec. 6, Constitution of Pennsylvania: "Trial by jury shall be as heretofore, and the right thereof remain inviolate." See Mr. Jus-

tice Simpson's dissenting opinion in Fleming's Estate, 265 Pa. 399, 415.

There are therefore many matters which arise in the settlement of an estate wherein the orphans' court has been held to possess no jurisdiction. Thus it may not appoint a "receiver": Power v. Grogan, 232 Pa. 387; has no power to make an order striking off a satisfaction entered on a mortgage; has no power to ascertain and order distribution of profits of a corporation even where organized by executors under authority of the orphans' court: Goetz's Estate (No. 1), 236 Pa. 630; has no power to remove directors of a charitable corporation organized at the direction of a will: Watson's Estate, 314 Pa. 179; nor may it pass upon and rescind the order of a conservator of a National bank: Hober's Estate, 118 Pa. Superior Ct. 209.

In Schnepf's Estate, 20 Dist. R. 517, affirmed in 48 Pa. Superior Ct. 580, a petition was filed by an administrator to restrain the transfer of stock which decedent in his lifetime had transferred to respondent. A question arose as to whether the assignment was made as collateral for a loan, or to the respondent as a trustee for decedent. It was ruled by this court, and affirmed above, that the orphans' court had no jurisdiction over the controversy.

Under the foregoing and many other authorities we are of opinion that the preliminary objections made by respondents to the petitions are well founded. This court is without jurisdiction to grant the relief prayed for. The objections are therefore sustained. The decrees issuing the citations are hereby rescinded and the prayers of the petitions are denied, without prejudice, however, to petitioners to take such action in an appropriate court of competent jurisdiction as they may deem expedient.