### Spence v. Commonwealth Trust Co.

Before Patterson, P. J.,* Adams and Montgomery, JJ.

*Moorhead & Knox*, for plaintiff.

*Dalzell, McFall, Pringle & Bredin*, for defendant.

MONTGOMERY, J., July 17, 1951.—The principal dispute in this matter is the alleged conflict of the jurisdiction of this court with that of the orphans' court.

The facts, summarized, are as follows: On September 1, 1920, William A. Way as trustee for his children, Katherine Way and Louise J. Way, under the will of his wife, Louise Jones Way, executed and delivered a deed to the Commonwealth Trust Company (herein referred to as defendant) as trustee and transferred to it the assets which he was holding as trustee.

William A. Way, Frederick Way and John W. Way, reciting that they were holding $18,000 in trust for Katherine Way and Louise J. Way (aforementioned) and John J. Way (a son of William A. Way and Louise J. Way) and that they were indebted to William A Way, testamentary trustee (as aforesaid) in the sum of $10,000, joined in the deed for the purpose of transferring to defendant that part of their trust holdings in which Katherine Way and Louise J. Way had an interest; and such assets, principally in the form of securities, were transferred to it. The assets covering John J. Way's interest were not delivered or included in the deed but were transferred to him absolutely. It is not disclosed in what manner this trust was established or from what source the $18,000 came. However, since the deed recites the trusteeship it must be assumed that this money was not in fact the property of the three named parties personally as to make the instrument a declaration of trust.

---

* This matter was argued before Patterson, P. J., Adams and Montgomery, JJ. Patterson, P. J., died before the opinion was prepared. Adams, J., concurred.

The deed to defendant was not authorized by court order or by the will of Louise Jones Way or by any other disclosed authority.

Since receiving the deed and assets defendant has administered them as one trust estate for the benefit of Katherine and Louise J. Way but has never filed an account of its activities. Louise J. Way (now Louise Way Spence) and her minor daughter, Louise Way Spence, by her father and acting guardian, Robert R. Spence, are now seeking an accounting from defendant of all assets turned over to it by the deed.

This proceeding was filed November 29, 1950, and on November 30, 1950, the deed was filed in the office of the clerk of the orphans' court of this county at 5282 of 1950. Previously, by order dated July 25, 1950, at 3271 of 1950, the orphans' court accepted from the Commonwealth Trust Company of Pittsburgh, representing itself as agent for William A. Way, deceased, trustee under the will of Louise Jones Way, deceased, a first and final account of its management of the securities transferred to it by William A. Way as testamentary trustee (under the deed aforesaid) *as the first and final account of the executors of the estate of William A. Way, deceased trustee,* under the will of Louise Jones Way, deceased. This is now in the process of audit in that court.

No account appears to have been submitted or filed by defendant for the other assets totaling $14,000 which it received under the same deed from William A., Frederick and John W. Way, as trustees.

The deed of September 1, 1920, appears to be an attempt to substitute a corporate trustee for the makers as individual trustees. This intention is expressed in the deed and a comparison of it with the will of Louise Jones Way discloses that the purpose of each, although not expressed in identical language, is substantially the same. (No comparison can be made of

the deed with the original instrument creating the $18,000 trust, for the reason already mentioned.) However, no authority is found in the will of Louise Jones Way authorizing such a substitution of trustees.

The factual situation found herein is practically identical (for the purposes of this decision) with that found in Delbert's Appeal (No. 2), 83 Pa. 468. In that case trusts were created by the will of Frederick Gaul., Sr., and by reason of the death of the trustees originally named, the trust estate (by consent of parties in interest) came into the hands of persons not named in the will or appointed by the orphans' court, the last of said persons being James S. Huber. A petition to the orphans' court to have him account was refused as beyond the jurisdiction of that court and in the opinion of the Supreme Court written by Paxson, J., the following observations were made:

"The mere possession of the property of a decedent, even under circumstances from which a trust will be implied, does not of itself give the Orphans' Court jurisdiction over the person holding such property. . . .

"It matters not whether we regard him as the agent of the former trustees, or as the bailee or agent of the cestuis que trustent, he is not a trustee within the meaning of our statutes defining the jurisdiction of the Orphans' Court. The eighth paragraph of the 19th section of the Act of 16th of June 1836, P. L. 792, provides that the jurisdiction of the Orphans' Court shall embrace 'all cases within their respective counties, wherein executors, administrators, guardians or trustees may be possessed of, or are in any way accountable for, any real or personal estate of a decedent'. At first view this language might seem broad enough to cover this case. But the word 'trustee,' following as it does the words 'executors, administrators and guardians', was evidently not used in its broad sense, but relates solely to persons acting in a fiduciary capacity

by virtue of a will, or of an appointment by the register of Orphans' Court having jurisdiction of the estates of deceased persons."

The present Act of June 7, 1917, P. L. 363, sec. 9 (d), 20 PS §2252, reads the same and was not altered by the amendments of June 26, 1931, P. L. 1384; June 2, 1941, P. L. 227; May 17, 1945, P. L. 630; May 2, 1949, P. L. 793, which added the following additional jurisdiction: "The control, . . . discharge, and settlement of accounts of trustees of trust inter vivos". However, this additional jurisdiction does not cover the present situation because William A. Way as trustee under the will of his wife could not create a trust inter vivos upon the testamentary trust he was administering. He had not the right to delegate to any one any duties involving the use of discretion (Kohler Estate, 348 Pa. 55, and cases cited therein at p. 58), and could not have entered into any agreement with defendant to do so, whether it was intended to delegate the duties to the company as his agent or as trustee for the cestuis que trustents. That agreement would therefore be a nullity and if defendant undertook to perform the duties intended to be thereby imposed it would do so as a trustee de son tort and not as a trustee under an express inter vivos agreement.

Defendant's counsel argues that since the jurisdiction of the orphans' court is exclusive in matters involving testamentary trustees it extends to this situation to the exclusion of any jurisdiction in this court. Such is not the case as shown by Delbert's Appeal (No. 2), supra. The farthest that such exclusive jurisdiction has been extended to affect persons not appointed by it or designated by testamentary writings is to permit it to compel the return of assets identifiable as belonging to estates under its jurisdiction and about which there is no dispute: Brown's Estate, 343 Pa. 230. Mauser et al. v. Mauser et ux., 326 Pa.

257, cited by defendant is *not* to the contrary. In the present case, we have little doubt that the orphans' court could have exerted its power to compel defendant to surrender to William A. Way or his executors the assets in its possession which were identifiable as having belonged to Louise Jones Way but it had no power to compel defendant to account for its actions in handling those assets for the period of 30 years it had them in its possession. This limitation was apparently recognized by that court in the proceeding 3271 of 1950, in which it made the order dated July 25, 1950. By that order it accepted an accounting prepared by defendant but not as its account. It was accepted as the first and final account of the executors of the estate of William A. Way, deceased trustee. If anything is erroneous in the account, the estate of William A. Way will be responsible, not defendant, if the jurisdiction of that court is to prevail.

Defendant's other argument must also fail. It could not bring this matter within the jurisdiction of the orphans' court by filing the void instrument of September 1, 1920. Although, for the sake of argument, it could have, it was not so filed until the day after this bill was filed in this court. Jurisdiction is acquired not by serving a writ or pleading but by filing same: I Standard Pa. Practice 50, §61.

The final question relating to the right of minor petitioner to seek an accounting must also be answered adversely to defendant. A contingent remainderman has standing to seek an accounting: Hartman's Appeal, 90 Pa. 203.

We must, therefore, conclude that since defendant, according to the allegation of the bill or petition, undertook the administration of the trust assets of the estate of Louise Jones Way and did so administer them for over 30 years it was acting as a trustee de son tort and to compel an accounting of its actions, resort had to

be made to the exclusive jurisdiction of this court.

The preliminary objections filed by defendant will, therefore, be overruled.